## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

John Warner and Michelle Warner,                 Civil No. 13-193 (DWF/SER)

         Plaintiffs,

v.                                                    **MEMORANDUM OPINION AND ORDER**

Chase Home Finance LLC; JP Morgan
Chase Bank N.A.; Usset, Weingarden &
Liebo, PLLP; and also all other persons,
unknown claiming any right, title, estate,
interest, or lien in the real estate described
in the complaint herein,

         Defendants.

---

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Elizabeth A. Larsen, Esq., and Melanie A. Full, Esq., Leonard Street and Deinard, PA, counsel for Defendants Chase Home Finance LLC and JP Morgan Chase Bank N.A.

Gerald G. Workinger, Jr., Esq., Usset, Weingarden & Liebo PLLP, counsel for Defendant Usset, Weingarden & Liebo, PLLP.

---

## INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 17) and Plaintiffs' Motion to Remand (Doc. No. 14). For the reasons set forth below, the Court grants Defendants' motion to dismiss and denies Plaintiffs' motion to remand as moot.

## BACKGROUND

Plaintiffs John Warner and Michelle Warner (together, "Plaintiffs") are loan borrowers who executed a note and mortgage with respect to their home in Washington County, Minnesota. (Doc. No. 13, Am. Compl. ¶¶ 1, 6.) On June 8, 2006, Plaintiffs executed a promissory note in favor of Winstar Mortgage Partners, Inc. ("Winstar") and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.* ¶ 6.)

Plaintiffs assert that the foreclosure sale of their home was invalid and void. (*Id.* ¶ 28.) In particular, Plaintiffs allege that they executed original promissory notes and/or mortgages in favor of entities different from Defendants, who now claim the legal right to foreclose. (*See id.* ¶ 7.) Plaintiffs further allege that their note and mortgage were assigned to Defendant Chase Home Finance LLC ("Chase"), now known as JP Morgan Chase Bank N.A. ("JP Morgan"), and that such assignment was drafted by Brian Liebo of Usset, Weingarden & Liebo, PLLP ("Usset"),[1] who was without legal authority to execute the assignment and related documents. (*Id.* ¶¶ 8-15.) Plaintiffs claim that Defendants have no right, title or interest in Plaintiffs' property and that Defendants have falsely asserted the power of sale pursuant to Plaintiffs' mortgage because Usset knew or had reason to know that the foreclosure-related documents are void. (*See id.* ¶¶ 16-19,

---

[1] Usset is a law firm that represents banks in foreclosure proceedings. (*See, e.g.,* Am. Compl. ¶¶ 5, 9, 11.) Plaintiffs allege that, in effecting a non-judicial foreclosure on Plaintiffs' property, Usset drafted and recorded false documents "because unauthorized persons without authority executed the POA, AOM, and the Sheriff's Certificate." (*Id.* ¶¶ 41, 48-51.)

22, 27.)  Plaintiffs appear to allege that because Defendants have not proven "title to the Mortgage by a preponderance of the evidence," they do not have valid, clear legal title to the original note; therefore, Defendants cannot assert the right of foreclosure under the mortgage.  (*See id.* ¶¶ 34-35, 39, 41.)

Plaintiffs initially filed suit in Washington County District Court on or about December 18, 2012.  (Doc. No. 1, Larsen Decl. ¶ 2, Ex. A.)  Defendants removed the action to this Court on January 23, 2013, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)

Plaintiffs have since filed an Amended Complaint, in which they assert the following four causes of action:  (1) Determination of Adverse Claims, pursuant to Minn. Stat. § 559.01; (2) Declaratory Judgment, pursuant to Minn. Stat. § 555.01, *et seq.*; (3) Negligence Per Se; and (4) Slander of Title.  (Am. Compl. ¶¶ 31-52.)

Defendants now move to dismiss all of Plaintiffs' claims.  The Court considers the pending motions below.

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City*

3

*of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id*. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

## II.     Motion to Dismiss

At the heart of all of Plaintiffs' claims against Defendants is the allegation that Defendants do not have valid title to the original notes and therefore cannot legally foreclose on Plaintiffs' mortgage.  To the extent Plaintiffs may rely on the assertion that Defendants do not possess the promissory note secured by Plaintiffs' mortgage and thus cannot foreclose on that mortgage, the Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this district have already considered and rejected this argument.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d

4

487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC Mortg., LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012); *Vang v. PNC Mortg., Inc.*, Civil No. 11-3741, 2012 WL 2005398, at *3 (D. Minn. June 5, 2012); *Johnson v. Deutsche Bank Nat'l Trust Co.,* Civil No. 12-445, 2012 WL 2119258, at *2–3 (D. Minn. June 11, 2012); *Adorno v. Citi Mortg., Inc.,* 2012 WL 2395322, at *4 (D. Minn. June 25, 2012); *Mustafa v. Bank of Am., N.A.,* Civil No. 12-590, 2012 WL 3612083, at *3 (D. Minn. Aug. 21, 2012).

As previously explained in the above cases, it does not matter whether Defendants can establish that they hold the promissory notes. Moreover, to the extent Plaintiffs argue that the chain of title to their mortgage is somehow defective because the relevant assignment and foreclosure documents were not executed by an authorized person, such claims have also been rejected. *See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *5 (D. Minn. May 11, 2012).

Additionally, Plaintiffs have not provided any factual support for their allegations that JP Morgan was not the record owner of their mortgage at the time Usset initiated foreclosure proceedings or that "there exist unrecorded assignments of mortgage" in this case. (Am. Compl. ¶¶ 17, 25.) Nor have Plaintiffs alleged any specific facts that would demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action. Rather, Plaintiffs' allegations are belied by the exhibits attached to the Amended Complaint. For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose. Given that all of Plaintiffs' claims, including Plaintiffs' claims against Usset, are based on the same discredited legal arguments, they are all properly dismissed with prejudice.

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motion to dismiss and denies Plaintiffs' motion to remand as moot.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss (Doc. No. [17]) is **GRANTED**.

2.  Plaintiffs' Amended Complaint (Doc. No. [13]) is **DISMISSED WITH PREJUDICE**.

3.  Plaintiffs' Motion to Remand (Doc. No. [14]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 27, 2013              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge